UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES EZELL JONES,

        Plaintiff,

        v.                                    Case No. 25-cv-1395-bbc

OFFICER GIESLER and
OFFICER MASON,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff James Ezell Jones, who is currently incarcerated at the Brown County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Jones' motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Jones has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Jones has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $57.47. Jones' motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

2

## ALLEGATIONS OF THE COMPLAINT

According to Jones, on January 3, 2022, he and several passengers were pulled over by Green Bay Police Officer Giesler. After Jones handed over his driver's license, Officer Giesler allegedly stated that he smelled marijuana and had Jones exit the vehicle so he could perform a pat down search. Officer Giesler allegedly informed Jones that he felt something in his groin area, so he asked Officer Mason to also perform a pat down search of Jones. Jones asserts that he was then handcuffed, placed in the back of a police car, and taken to the Brown County Jail. He states that no one informed him of his rights as required by *Miranda*, and no one informed him that he was under arrest. Once at the jail, he was allegedly placed on a body scanner while still handcuffed. He states that he was then taken to a bathroom, where Officer Giesler pulled down his pants and "fondled around [his] private area." Jones asserts that he still was not informed of his rights. Jones was eventually arrested and convicted of Possession with Intent—Amphetamine, Possession with Intent—THC, and Resisting or Obstructing an Officer. Dkt. No. 1; *State of Wisconsin v. Jones*, Brown County Case No. 2022CF0028.

## ANALYSIS

Jones appears to want to state a claim based on Defendants' alleged failure to promptly notify him of his rights in violation of *Miranda*, but as the U.S. Supreme Court has recently confirmed, a *Miranda* violation is not the same as a violation of a Fifth Amendment right. *Vega v. Tekoh*, 597 U.S. 134, 149 (2022). "The *Miranda* rules are prophylactic rules that the Court found to be necessary to protect the Fifth Amendment right against compelled self-incrimination." *Id.* Thus, because "a violation of *Miranda* does not necessarily constitute a violation of the Constitution, . . . such a violation does not constitute 'the deprivation of a right . . . secured by the

Constitution,'" nor does *Miranda* "confer a right to sue under §1983." *Id.* at 150-152 (quoting 42 U.S.C. §1983). Jones therefore fails to state a claim against the Defendants on this basis.

Jones also fails to state a claim based on an allegation that Officer Giesler "fondled around [Jones'] private area." According to the complaint, both Officer Giesler and Officer Mason felt a suspicious bulge around Jones' groin area while performing pat down searches. A body scan apparently confirmed that Jones had something concealed in that area, and during a staff-assisted strip search, Officer Giesler apparently located whatever Jones had concealed because Jones was later convicted of possession of THC and amphetamines. The Court acknowledges that it may have been uncomfortable for Jones to have an item hidden in his groin area removed by another person, but nothing in the complaint suggests that the search was conducted for an improper purpose or in an improper manner. *See Bell v. Wolfish*, 441 U.S. 520, 558 (1979) (confirming that the Fourth Amendment prohibits only unreasonable searches).

In any event, it appears that any claim arising from this incident would be barred by Wisconsin's three-year statute of limitations. *See Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018) (explaining that §1983 lawsuits must be brought within the statute of limitations for personal injuries supplied by the state in which the claim arose); Wis. Stat. §893.53. According to Jones, this incident occurred on January 3, 2022. Accordingly, to be timely, any claim arising from this alleged incident was required to be filed by January 3, 2025. Jones did not initiate this action until September 11, 2025, more than eight months after the statute of limitations expired.

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Jones believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **November 26, 2025**. He is advised that an amended complaint will

replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this action based on Jones' failure to state a claim in his original complaint. If Jones does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further. The Court will enclose an amended complaint form along with this decision.

**IT IS THEREFORE ORDERED** that Jones' motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that on or before **November 26, 2025**, Jones may file an amended complaint if he believes he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Jones a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Jones shall collect from his institution trust account the $292.53 balance of the filing fee by collecting monthly payments from Jones' prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Jones is transferred to another institution, the transferring institution shall forward a copy of this Order along with Jones' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Jones is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Jones is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on October 30, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge