UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES EZELL JONES,

    Plaintiff,

v.                                 Case No. 25-cv-1395-bbc

OFFICER GIESLER and
OFFICER MASON,

    Defendants.

---

## SCREENING ORDER

---

Plaintiff James Ezell Jones, who is currently incarcerated at the Brown County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On October 30, 2025, the Court screened the complaint and after concluding that it failed to state a claim upon which relief could be granted, gave Jones the opportunity to file an amended complaint, which he did on November 14, 2025. The Court will screen the amended complaint, as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a

cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE AMENDED COMPLAINT

According to Jones, on January 3, 2022, Defendant Green Bay Police Officers Giesler and Mason "did an illegal search and seizure" of Jones at the Brown County Jail. Jones asserts that they took him into a small bathroom, pulled down his pants, "fondled" his private area, and "received drugs from under [his] genitals." Jones explains that he did not give the officers permission to search him, he was not under arrest at the time, and the officers did not have a warrant.

## ANALYSIS

As the Court explained in the original screening order, Jones fails to state a claim based on assertions that Officers Giesler and Mason "fondled" his genital area while conducting a search. The Fourth Amendment prohibits only unreasonable searches. *See Bell v. Wolfish*, 441 U.S. 520, 558 (1979). Jones omits many of the factual allegations leading up to the search, which he included in his original complaint.[1] He now alleges only that he was transported handcuffed to the Brown County Jail, where he was taken to a small bathroom to be searched in private. He also acknowledges that, during the search, the officers located drugs hidden in his groin area. From these brief allegations, the Court cannot reasonably infer that the officers conducted the search for an unreasonable purpose or in an unreasonable manner. In short, because Jones' legal conclusions that the search was "illegal" and "unreasonable" are not supported by his factual allegations, he fails to state a claim upon which relief can be granted. *See Twombly*, 550 U.S. at 556 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Moreover, as explained in the original complaint, it appears that any claim arising from this incident, which occurred on January 3, 2022, is barred by Wisconsin's three-year statute of limitations. *See Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018) (explaining that §1983 lawsuits must be brought within the statute of limitations for personal injuries supplied by the state in which the claim arose); Wis. Stat. §893.53. Jones initiated this action on September 11, 2025, more than eight months after the statute of limitations expired.

---

[1] According to the original complaint, both Officer Giesler and Officer Mason felt a suspicious bulge around Jones' groin area when they performed pat down searches following a valid vehicle stop, and a body scan performed at the jail confirmed that Jones had something concealed in his groin area. Dkt. No. 1.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Green Bay, Wisconsin on December 1, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.